# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for AmTrust Bank,<br><br>                Plaintiff,<br><br>vs.<br><br>MICHAEL F. OAKES,<br><br>                Defendant. | Case No.  2:11-cv-1455-JCM-CWH<br><br>**Report and Recommendation<br>on Plaintiff's Motion to Strike (#10)** |

      This matter was referred to the undersigned Magistrate Judge on Plaintiff Federal Deposit Insurance Corporation's ("FDIC") Motion to Strike (#10), filed November 22, 2011; Defendant's Opposition (#11), filed December 6, 2011; and Plaintiff's Reply (#12), filed December 16, 2011.

## BACKGROUND

      On December 4, 2009, the Office of Thrift Supervision closed AmTrust Bank, a federally chartered savings bank, and the FDIC was appointed as Receiver pursuant to 12 U.S.C. §§ 1464(d)(2)(A) and 1821(c)(5).  Prior to being put into receivership, AmTrust Bank purchased a $476,900.00 loan originated by National Funding Solutions.  The originated loan funds were used to purchase real property and secured by a deed of trust.  Defendant Oakes appraised the property prior to loan origination.

      Claiming that the appraisal was "an inaccurate appraisal that significantly overestimated the market value of the [p]roperty," *see* Compl. at ¶ 9, and that Defendant Oakes "agreed to both contractual and fiduciary duties for the benefit of AmTrust" in conducting the appraisal, the FDIC seeks damages for (1) breach of contract and (2) negligent misrepresentation.  Defendant Oakes denies the allegations set forth in the complaint and states twenty-two affirmative defenses,

including the affirmative defense of comparative negligence.[1]

On November 22, 2011, the FDIC filed its motion to strike (#10) requesting that the Court strike Defendant's affirmative defense for comparative negligence because, as a matter of Nevada law, it is not a defense to negligent misrepresentation. In opposition, citing communications from the FDIC, Defendant Oakes argues that Nevada law is silent on the issue of whether comparative negligence is an appropriate defense to a negligent misrepresentation claim. He argues further that there are several jurisdictions, including California, that permit a comparative negligence defense in cases involving negligent misrepresentation, and that "there is no clear or uniform authority to support the FDIC's position." Def.'s Resp. (#11) at 6:3-4. The FDIC, conceding that there is no Nevada authority to support its position, argues that California law is sufficiently similar to compel the requested relief.

## DISCUSSION

Pursuant to Fed. R. Civ. P. 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The court may act (1) on its own or (2) on motion made before a responsive pleading is due or, if no response is allowed, within 21 days after being served with the pleading. Fed. R. Civ. P. 12(f)(1) and (2). The general function of a motion to strike is avoidance of "the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1994), *rev'd on other grounds*, 510 U.S. 517 (1994) (internal quotations omitted).

An affirmative defense is legally insufficient "if it is impossible for the defendant to prove a set of facts in support of the affirmative defense that would defeat the complaint." *Federal Trade Comm'n v. Johnson*, 2011 WL 2112258 (D. Nev.) (citing *IBM v. Comdiscose, Inc.*, 834 F.Supp. 264, 266 (N.D. Ill. 1993). This means that to strike an affirmative defense, a plaintiff must

---

[1] For his first affirmative defense, Defendant Oakes "alleges that the damages, if any, suffered by Plaintiff were caused in whole or in part or contributed to by reason of the negligence, acts, or omissions of Plaintiff or other parties or entities over whom Defendant had and has little or no control." Def.'s Amend. Ans. (#9).

demonstrate (1) that there are no questions of fact, (2) that any questions of law are clear and not in dispute, and (3) that under no set of circumstances could the defense succeed. *See SEC v. Sands*, 902 F.Supp. 1149, 1165 (C.D. Cal. 1995). A Rule 12(f) motion is considered a "drastic remedy" and is "generally disfavored" by federal courts. *Nevada Fair Housing Center, Inc. v. Clark County*, 565 F.Supp.2d 1178 (D.Nev.2008) (citing *Germaine Music v. Universal Songs of Polygram*, 275 F.Supp.2d 1288, 1300 (D.Nev.2003)).

Here, the FDIC asks the Court to strike Defendant's first affirmative defense for comparative negligence. Citing *Albios v. Horizon Communities, Inc.*, 132 P.3d 1022 (Nev. 2006), the FDIC argues that, in Nevada, comparative negligence is not a defense to a claim for relief from negligent misrepresentation. The Court is not convinced, at least for purposes of the motion to strike, that the *Albios* case stands for the position advanced by the FDIC. Indeed, the FDIC concedes in its reply brief that "Nevada does not have a case directly on point" that supports the FDIC's position with regard to the viability of a comparative negligence defense to a claim for negligent misrepresentation. *See* Pl.'s Reply (#12) at 2:6-9. To strike an affirmative defense, questions of law must be clear. The question of whether comparative negligence can be a defense to a negligent misrepresentation claim is, by the FDIC's own admission, not clear under Nevada law.

Despite conceding that there is no Nevada law that directly supports its position, the FDIC presses forward stating that "well settled California precedent holds that a comparative negligence defense" does not apply in cases involving negligent representation or breach of contract. *Id*. While dismissing cases cited by Defendant from Minnesota as "[d]issimilar [l]aw [fr]om [f]oreign [j]urisdictions," the FDIC argues that the Court should look to California which has "similar substantive law" and has already addressed the issue and determined "that comparative negligence is inapplicable to a negligent misrepresent[ation] claim." *See Van Meter v. Bent Construction Co.*, 46 Cal.2d 588 (1956).

California law is not as clear as the FDIC posits. For example, in *Van Meter*, the California Supreme Court held that a defendant who misrepresents facts and induces the plaintiff to rely on the misrepresentations is barred from asserting that the plaintiff's reliance was negligent unless the

3

plaintiff's conduct, in light of his or her intelligence and information, *is preposterous or irrational*. *See FDIC v. Warren*, 2011 WL 5079504 (N.D. Cal.) (citing *Van Meter*, 46 Cal.2d at 595, 297 P.2d 644) (emphasis added). The FDIC casually dismisses this language as dicta, but, as the court noted in *Warren*, the *Van Meter* language is more than dicta.

In *Warren*, the FDIC, as receiver for IndyMac Bank, sued an appraiser for (1) breach of contract and (2) negligent misrepresentation. The claims arose from appraisal of certain property. In response, the defendant appraiser asserted the affirmative defense of comparative negligence. The FDIC filed a motion to strike the affirmative defense under Rule 12(f) citing many of the same cases cited in the motion currently under consideration. Acknowledging that the defendant was not specific as to what actions would be challenged, the court, nevertheless, concluded that the defendant's briefing was clear "that [the defendant's] comparative negligence defense will challenge IndyMac's conduct and actions in underwriting the loans." *Warren*, 2011 WL 5076504 *2. Thus, based on *Van Meter's* "holding that a defense based on comparative fault is permissible when the plaintiff's reliance is irrational or preposterous," the court in *Warren* concluded that the defense was "cognizable, albeit in limited circumstances." *Id*. Having so concluded, the court permitted discovery to go forward because it "may reveal evidence about what IndyMac knew or did, such that its reliance on the appraisal was irrational or preposterous." *Id*.

The importance of *Warren* and *Van Meter* for purposes of the current motion is that both clearly show that the non-applicability of the affirmative defense of comparative negligence to a negligent representation claim is not absolute. In other words, California law is not so "well settled" that the defense is never applicable. In *FDIC v. Mahan, et al.*, CV 11-05414 MMM(VBKx) (C.D. Cal.) (November 14, 2011), another case where the FDIC sued an appraiser for breach of contract and negligent misrepresentation based on a property appraisal, the court struck the comparative negligence defense to the FDIC's negligent misrepresentation claim because it had not been sufficiently pled under Fed. R. Civ. P. 8(c). Nevertheless, the court granted the defendant leave to amend in order to plead facts that would bring the defense within the narrow exception announced in *Van Meter*. *See* Ex. 3 attached to Pl.'s Reply (#12). The same is true of *FDIC v. Melanie Anderson, et al.*, 2:11-cv-1061-GEB-FEB (E.D. Cal.) (December 16, 2011

Order), another case cited by the FDIC. *See* Ex. 4. In *Anderson*, a case also involving claims by the FDIC against an appraiser for appraisal on certain property, the court struck the comparative negligence defense, but granted leave to amend so that "the challenged affirmative defense plausibly alleges that in relying on [the d]efendant's misrepresentations, [the p]laintiff engaged in *preposterous or irrational conduct.*" *Id.* (emphasis added).[2]

As the FDIC concedes, there is no Nevada law that clearly supports the position that comparative negligence can never be a defense to a negligent misrepresentation claim. Moreover, the cases cited by the FDIC, along with others, make plain that there are, contrary to the FDIC's position, circumstances under which California law permits comparative negligence as a defense to a negligent representation claim. The FDIC concedes this point in its reply brief when it states: "The appraisal – on its face – appeared to be legitimate and gave no rise to suspicion. The lender's reliance on the appraisal was not preposterous or irrational." This statement also makes clear that even the FDIC believes there are questions of fact. Certainly, discovery may reveal evidence about what the bank knew or did, such that its reliance on the appraisal could be found irrational or preposterous. In sum, the FDIC has not shown that there are no questions of fact and that any questions of law are clear and not in dispute. Consequently, the Court finds that the FDIC has failed to meet its burden under Rule 12(f) to support the "drastic" and "disfavored" remedy of striking Defendant's affirmative defense.[3]

Based on the foregoing and good cause appearing therefore,

---

[2] There are other cases involving the FDIC, in its role as a receiver, filing suit against real estate appraisers under the same theories advanced in this case. In many of those cases, the defendants have raised the affirmative defense of comparative negligence resulting in the FDIC filing its motion to strike. The courts, even if they do strike the defense as it relates to negligent misrepresentation claims have, almost universally, granted leave to amend. *See FDIC v. JSA Appraisal Service*, 2010 WL 3910173 (N.D. Cal.) (striking the defendant's comparative negligence affirmative defense as applied to the FDIC's claims for negligent misrepresentation with leave to amend); *see also FDIC v. Luping Lai*, 2012 WL 50370 (N.D. Cal.) (striking the defendant's comparative negligence defense for failure to "point to facts in the record" that would support a finding that plaintiff's conduct was irrational).

[3] The Court also notes that the FDIC does not allege that the affirmative defense was improperly pled under Rule 8. The only issue before the Court is whether the defense should be struck under Rule 12(f).

**RECOMMENDATION**

**IT IS THE RECOMMENDATION** of the undersigned Magistrate Judge that the FDIC's Motion to Strike (#10) be **denied**.

**NOTICE**

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 19th day of March, 2012.

_____
**C.W. Hoffman, Jr.
United States Magistrate Judge**