David R. Hall, Bar No. 9571
Scott S. Bell, Bar No. 9507
PARSONS BEHLE & LATIMER
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone:  (801) 532-1234
Facsimile:   (801) 536-6111

Robert W. DeLong, Bar No. 10022
PARSONS BEHLE & LATIMER
50 W. Liberty Street, Suite 750
Reno, Nevada 89501
Telephone:  (775) 323-1601
Facsimile:  (775) 348-72500
*Attorneys for Plaintiff FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for AMTRUST BANK*

Michael M. Edwards Bar No. 6281
J. Scott Burris Bar No. 10529
WILSON ELSER MOSKOWITZ EDELMAN & DICKER
300 South Fourth Street, 11th Floor
Las Vegas, NV 89101-6014
Telephone: (702) 727-1400
Facsimile: (702) 727-1401
*Attorneys for Defendant Michael F. Oakes*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for AMTRUST BANK, <br><br>              Plaintiff, <br><br>       v. <br><br> MICHAEL F. OAKES, individually and doing business as OAKES APPRAISAL; and DOES 1 through 5, inclusive, <br><br>              Defendants. | **STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE:  PRODUCTION OF CONFIDENTIAL INFORMATION** <br><br> Case No.  2:11-cv-01455-JCM-CWH |

WHEREAS copies of documents and information must be produced in this action that might constitute trade secrets or contain other confidential information, such as personal identifying information of non-parties to this action;

320507.1

WHEREAS the parties could request copies of or access to such documents and information during the course of litigation;

IT IS HEREBY STIPULATED AND AGREED by and among Plaintiff Federal Deposit Insurance Corporation ("FDIC") as Receiver for AmTrust Bank through its attorneys of record, Parsons Behle & Latimer and Defendant Mr. Michael F. Oakes, by through his attorneys of record, Michael M. Edwards and J. Scott Burris of Wilson Elser Moskowitz Edelman & Dicker (Plaintiff and Defendant collectively referred to as "Parties"), that the Court should enter the following [Proposed] Protective Order pursuant to Fed. R. Civ. P. 26(c).

## PROTECTIVE ORDER

The Parties shall observe the following terms regarding copies of confidential information properly designated and produced during this litigation:

**I.     DEFINITIONS**

A.     "Confidential Information" shall mean information that is not appropriate for public disclosure and which the Court would most likely deem as appropriate for an Order to seal pursuant to LR 10-5, which includes, without limitation, trade secrets or other confidential commercial information, sensitive or proprietary business or financial information, personal private information, information furnished to the Party producing the information in confidence by a third party when such information is entitled to confidential treatment, or any other information a Party may reasonably deem as confidential, proprietary, or privileged pursuant to controlling laws.

B.     "Confidential Document" shall mean any copy of any original Document produced by a Designating Party that contains: (1) the word "CONFIDENTIAL" affixed to each page containing Confidential Information; (2) a Bates number on each page; and (3) Confidential Information.  The following categories of Documents might contain Confidential Information: loan origination files; loan servicing files; foreclosure files; repurchase demand files; and appraisal files.

320507.1

     C.    "Document" or "Documents" shall mean any item that is subject to Fed. R. Civ. P. 26(a)(1)(A) or 34(a)(1)(A) as part of this case, including content contained on any paper or electronic media.  A party may designate a Document as "Confidential" pursuant to the terms of this Order; however, original versions of Documents must not be altered in any way.

     D.    "Designating Party" means the Party who produces a Confidential Document pursuant to this Order.

     E.    "Party" means any person or entity that is named as a party to this litigation.

     F.    "Person" means any natural person, legal entity, or government agency.

## II.    GOOD CAUSE

This action involves claims by the Plaintiff FDIC as a receiver for a failed bank against the Defendant Mr. Oakes, a Nevada-licensed appraiser, regarding his appraisal in approximately March of 2007 of a residential property used as collateral for a loan for which the borrower defaulted on such loan in 2009.  The FDIC seeks damages related to lost proceeds from the loan, but the borrower is not currently a party to this case.  Thus, this litigation might involve review and analysis of copies of loan origination files; loan servicing files; foreclosure files; repurchase demand files; and appraisal files and records related to the borrower who applied for, obtained, and defaulted on the mortgage loan at issue. Good cause exists to grant the Parties' request for a Protective Order to (1) preserve privacy interests; (2) protect confidential business records and proprietary information of the Parties; and (3) allow the Parties to exchange information expeditiously, while minimizing undue burden, expense, dispute, and delay.  Pursuant to 15 U.S.C. § 6802(e)(8), the Parties submit that the production of copies of non-public personal financial information, protected by the measures set out in this Protective Order, shall not constitute a violation of the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801, *et seq.* (*Marks v. Global Mortgage Group, Inc.*, 218 F.R.D. 492, 496 (S.D. W.Va. 2003).)

-3-

320507.1

**III.  DESIGNATION OF CONFIDENTIAL INFORMATION AND RESTRICTIONS ON ITS DISCLOSURE**

1. A Party, who reasonably believes in good faith that a Document being produced contains Confidential Information, may designate such Document as containing such information by: (1) Bates stamping each copy of each page of such Document; and (2) stamping each copy of each page containing Confidential Information with "CONFIDENTIAL."

2. Documents designated by a Designating Party as CONFIDENTIAL shall be Confidential Documents used by the Parties and those persons identified in Paragraph 4 below only for the purpose of the prosecution or defense of this litigation, and shall not be published in any manner to anyone other than those persons identified in Paragraph 4 below, unless the Court orders otherwise or the Parties agree otherwise in writing. The attorneys of record shall employ reasonable measures, consistent with this Protective Order, to control duplication of, access to, and distribution of copies of Confidential Documents.

3. In the event that a Party produces electronic copies of electronically stored information ("ESI")—such as copies of a computer database, disk, compact disc, drive, or other electronic record—that contains Confidential Information, the Party producing such ESI shall mark the outside of the disk, case, or envelope as "CONFIDENTIAL" in addition to marking each page or file name of each Document as "CONFIDENTIAL."  Confidential Documents printed from such electronic media shall be marked as "CONFIDENTIAL."

4. Confidential Documents produced pursuant to this Protective Order shall not be disclosed except to a "Covered Person" defined as follows:

   a. The Court, and its staff, in which this litigation is pending;

   b. A Party or an employee of a Party who is participating in the prosecution or defense of this litigation;

   c. Attorneys of record for any Party, including any employee of any such attorney to whom it is reasonably necessary that the material be shown for purposes of prosecuting or defending this litigation, including the attorneys' paralegal, secretarial and clerical personnel;

-4-

320507.1

    d. An expert consultant or expert witness retained by a Party or an attorney of record to assist in the prosecution or defense of this litigation;

    e. Any person noticed for deposition or designated as a trial witness in this litigation; and

    f. Any other person designated by the Court in the interest of justice, and on such terms as the Court may deem just and proper.

  5. Deposition testimony and related exhibits disclosing Confidential Information shall be subject to this Protective Order and the relevant portions of the transcript of such testimony, and any related exhibits, shall be designated with the "CONFIDENTIAL" legend as set forth in Paragraph 1 above. The Designating Party must make the designation within five (5) calendar days from receipt of the deposition transcript. The relevant potions of the deposition transcripts and related exhibits of such deposition testimony shall be treated the same under this Protective Order as other Documents marked with the "CONFIDENTIAL" legend set forth in Paragraph 1 above. The witness, court reporter and videographer, if any, for any such deposition shall be provided with a copy of this Protective Order by the Party who noticed the deposition. That Party shall request that the witness(es), attendees, court reporter, and videographer, if any, for any such deposition: (1) acknowledge this Protective Order on the record; (2) agree not to disclose to anyone other than those persons specified in Paragraph 4, above, any portion of such deposition testimony or exhibit that has been properly designated as containing or constituting Confidential Information; and (3) sign a copy of **Appendix A**. If a witness refuses to sign an acknowledgement, in the form attached hereto as **Appendix A**, that witness may be shown, but not given, Confidential Documents, and the Designating Party may move to force the witness to be bound by this Protective Order, which motion shall be granted upon a finding of good cause, and sanctions awarded if the refusal is found by the Court to be unreasonable or in bad faith. If any Party believes that the Designating Party has improperly designated any portion of any deposition transcript as containing or constituting Confidential Information, the objecting Party may object to such designation pursuant to the procedure set forth in Paragraph 8 below.

-5-

320507.1

6. Confidential Information shall not be disclosed to anyone other than the Parties and attorneys of record for any of the Parties without first informing them of the contents of this Protective Order. Prior to disclosure of Confidential Documents or deposition testimony designated as "Confidential," the Party to whom the benefit of such disclosure inures shall obtain from such covered persons (or their employees, agents, etc. ), a signed copy of **Appendix A**, acknowledging that the person:

    a. is familiar with the terms of this Protective Order and agrees to comply with and be bound by the terms; and

    b. submits to the personal jurisdiction of this Court for purposes of enforcing this Protective Order.

7. Each party agrees that it will not directly contact any expert or consultant (or employee thereof) of the adverse party whose identity is revealed under paragraphs 4 or 6 above, provided, however, that the parties may take discovery of expert witnesses who are designated as testimonial witnesses as permitted by Fed. R. Civ. P. 26(b)(4) with respect to trial witnesses.

8. Declassification. All Confidential Documents shall be accorded confidential treatment pursuant to the terms of this Protective Order unless the Parties agree otherwise in writing or the Court orders otherwise. A Party may seek to de-designate documents by first providing the Designating Party with: (1) a good faith written objection listing the Confidential Document(s) that the objecting Party seeks to have de-designated and excluded from this Protective Order; and (2) the good faith basis for the objection. The objecting Party and the Designating Party shall then meet and confer regarding the objection. If the Parties do not resolve the objection within fourteen (14) days of receipt of the objection (by mail, facsimile or hand-delivery), then, to preserve the designation, the Designating Party must file a motion to ask the Court to determine that the designated Document(s) contain(s) or constitute(s) Confidential Information and should remain subject to the provisions of this Protective Order. This Protective Order does not change or affect the burden of showing of "good cause" by which the proponent of confidentiality must establish entitlement to a protected status for the designated Document(s).

-6-

320507.1

The failure of a Designating Party to file a timely noticed motion shall result in the subject Document being deemed not to be subject to the provisions of this Protective Order.

9. If a Party in good faith desires to use a Confidential Document or Confidential Information in support of a motion, opposition to a motion, or other document filed with the Court, or at trial or other proceeding, the Party shall file the Confidential Document or Confidential Information under seal pursuant to United States District Court, District of Nevada, Local Rule 10-5(b). Pursuant to Local Rule 10-5(c), the Court may direct the unsealing of papers filed under seal, with or without redactions, within the Court's discretion, after notice to all parties and the opportunity for them to be heard.

10. Any Person, who has received a Confidential Document or Confidential Information pursuant to this Protective Order and who thereafter is served with a subpoena or other legal process commanding the production of any such Confidential Document or Confidential Information, shall promptly notify, in writing, the Designating Party of the service of such subpoena or other legal process so as to afford the Designating Party a reasonable opportunity to object or move to quash.

11. At the conclusion of this litigation, the attorneys for each Party:

   a. shall undertake reasonable good-faith efforts to seek return from any person who has received any Confidential Document or Confidential Information under the terms of this Protective Order of such Confidential Document and Confidential Information to the attorneys for the Designating Party within thirty (30) days of the termination of this action; and

   b. shall certify in writing that any Confidential Document produced to the Party represented by that attorney has been returned in accordance with this paragraph, provided that any Party may, upon motion duly noticed to all the Parties, move the Court for an order requesting some other disposition of any Confidential Document or Confidential Information.

12. This Court shall retain jurisdiction with respect to any dispute regarding the improper use of any Confidential Document or Confidential Information, to modify the terms of

320507.1

this Protective Order, or to enter further Orders respecting Confidential Documents or Confidential Information, as may be necessary.

13. This Protective Order does not apply to any document or information already in the possession, custody, or control of a Party before the date of this Protective Order which is thereafter produced by another Party and labeled "Confidential" as set forth in Paragraph 1, above. Such Confidential Document or Confidential Information may be disclosed to any person unless:

   a. a request for confidentiality or nondisclosure on the basis of privilege or right of privacy is made by or on behalf of the document holder of such privilege or right; or

   b. a Party claims the Document or portion thereof is subject to a privilege or right of privacy and the holder obtained it unlawfully or pursuant to an agreement or a legal duty which would be violated if disclosed; or

   c. a Party claims the Document or portion thereof is covered by the attorney-client privilege and was unlawfully obtained or inadvertently disclosed; or

   d. an attorney claims the Document or portion thereof is work product and was unlawfully obtained or inadvertently disclosed.

14. The Court shall retain all powers and remedies authorized by law to enforce, or prevent violation or abuse of this Protective Order.

15. The production of any Confidential Document or Confidential Information pursuant to this Protective Order is not intended to constitute a waiver of any privilege or right to claim the trade secret or confidential status of the document, material, or information produced as to any person outside of the disclosure arrangements herein.

16. Production of any Confidential Document or disclosure of Confidential Information pursuant to the terms of this Protective Order does not constitute a waiver by any Party of the right to object on legal grounds, including privilege or trade secret, to any other item of discovery or production of documents.

320507.1

17. The inadvertent or unintentional production or disclosure of any Confidential Document or Confidential Information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any Party's claims of confidentiality.  Should any document or information be disclosed, through inadvertence or otherwise, to any person or party not authorized under this Order, then the party disclosing same shall use its best efforts to bind such person to the terms of this Order; and the party shall:

    a.    promptly inform such person of all the provisions of this Order;

    b.    identify such person immediately to the party that designated the document as "Confidential"; and

    c.    request such person to sign the agreement in the form attached hereto as **Appendix A** and promptly serve the executed agreement upon the party designating the document as "Confidential."

18. The purpose of this Order is to facilitate discovery in this proceeding, and in no manner shall it affect the application of any state or federal law regarding the confidentiality of information or documents.

19. Nothing herein shall prohibit a party, or its counsel, from disclosing documents or information designated as "Confidential" to representative, employees or witnesses of the producing party or to a person a document identifies as an author or addressee of such document.

20. Review of any Confidential Document or Confidential Information by any Covered Persons shall not waive its confidential status or objections to its admissibility at any trial or other court hearing.

21. This Protective Order may be amended by agreement of all counsel of record for the Parties in the form of written stipulation filed with the Court and subject to the Court's approval.

320507.1

22. The court retains jurisdiction even after termination of this action to enforce this Order and to make amendment, modifications, deletions or additions to this Order as the court may from time to time deem appropriate.

23. This Protective Order shall be strictly enforced by the Court, and any violation is punishable by the Court, including, without limitation, invocation of the Court's contempt power or the imposition of monetary sanctions.

**IT IS SO STIPULATED.**

DATED this 21st day of May, 2012.                     DATED this 22nd day of May, 2012.

By: /s/ J. Scott Burris                                             By: /s/ David  R. Hall
    Michael M. Edwards Bar No. 6281                       David R. Hall, Bar No. 9571
    John Scott Burris Bar No. 10529                          Scott S. Bell, Bar No. 9507
    WILSON ELSER MOSKOWITZ                            PARSONS BEHLE & LATIMER
    EDELMAN & DICKER                                          201 South Main Street, Suite 1800
    300 South Fourth Street, 11th Floor                     Salt Lake City, Utah 84111
    Las Vegas, NV 89101-6014                                  Telephone: (801) 532-1234
    Telephone: (702) 727-1400                                  Facsimile:  (801) 536-6111
    Facsimile: (702) 727-1401
                                                                              Robert W. DeLong, Bar No. 10022
*Attorneys for Defendant Michael F. Oakes*              PARSONS BEHLE & LATIMER
                                                                              50 W. Liberty Street, Suite 750
                                                                              Reno, Nevada 89501
                                                                              Telephone: (775) 323-1601
                                                                              Facsimile:  (775) 348-72500

*Attorneys for Plaintiff Federal Deposit Insurance Corporation as Receiver for AmTrust Bank*

**<u>ORDER</u>**

IT IS SO ORDERED.

DATED: May 24, 2012

_____
UNITED STATES MAGISTRATE JUDGE

-10-

320507.1

David R. Hall, Bar No. 9571
Scott S. Bell, Bar No. 9507
PARSONS BEHLE & LATIMER
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 532-1234
Facsimile: (801) 536-6111

Robert W. DeLong, Bar No. 10022
PARSONS BEHLE & LATIMER
50 W. Liberty Street, Suite 750
Reno, Nevada 89501
Telephone: (775) 323-1601
Facsimile: (775) 348-72500
*Attorneys for Plaintiff FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for AMTRUST BANK*

Michael M. Edwards Bar No. 6281
John Scott Burris Bar No. 10529
WILSON ELSER MOSKOWITZ EDELMAN & DICKER
300 South Fourth Street, 11th Floor
Las Vegas, NV 89101-6014
Telephone: (702) 727-1400
Facsimile: (702) 727-1401
*Attorneys for Defendant Michael F. Oakes*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for AMTRUST BANK,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL F. OAKES, individually and doing business as OAKES APPRAISAL; and DOES 1 through 5, inclusive,<br><br>Defendants. | **STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE: PRODUCTION OF CONFIDENTIAL INFORMATION**<br><br>Case No. 2:11-cv-01455-JCM-CWH |

I, _____, being duly sworn, depose and state the following:

320507.1

        1.       I have been furnished a copy of the filed Stipulation and [Proposed] Protective Order Re: Protection of Confidential Information ("Protective Order") entered in this case which restricts the use of any Confidential Document or Confidential Information.

        2.       I believe that I am a person identified in Paragraph 4 of the Protective Order.

        3.       I promise and hereby agree to comply with the Protective Order with respect to any Confidential Document or Confidential Information properly designated as such and furnished to me in this litigation and to use such material for purposes of this litigation only and for no other purpose.

        4.       As a condition to my receipt of any Confidential Document or Confidential Information in this litigation, I hereby consent to personal jurisdiction over me in the United States District Court, District of Nevada, solely for the purpose of enforcing this Protective Order. I understand that violation of any term of this Protective Order may subject to me to a monetary sanction or fine.

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

DATED this _____ day of _____, 2012.

_____
Name
Address

-2-

320507.1